case number 25599. Bye-bye. I have questions. Do they get these sweaters in their senior year? You've lost your audience. Good morning, Your Honors, and may it please the Court. John Stickney for Appellant. Your Honors, this appeal is a very narrow one. Whether the District Court abused its discretion and improperly delegated authority to the U.S. Probation Office to not only determine who qualifies as a third party to whom our client, Jessica Stewart, poses a risk, but also how and to what extent to close information to those third parties. This Court struck down a similarly vague risk notification condition in both Bowles and Peterson. That was the standard condition number 12, because like here, the District Court gave unfettered discretion with respect to the notification requirement to the Probation Office. There are differences in our condition than that are in the standard condition. For instance, in the standard condition, it does not define what a risk is. And so in the standard condition, the probation officer may tell a defendant to notify a person or organization of a risk that they pose. That risk is not defined, whereas here, it is defined, but that does not remedy the fact that it's still overly vague. Specifically, the Court — And the risk here is what? The risk that the Court allowed probation to inform third parties is both criminal history and past criminal conduct. So it's very limited. I would say partly, Your Honor, it's limited. I think criminal conduct, I think, is vague in that criminal conduct does not necessarily mean a prior conviction. That could be interpreted by a probation officer to include conduct that has not been charged. For instance, in the revocation hearing, they talked about — I agree that it's different people histories. Correct, Your Honor. And I think without having that described or narrowed more — That's all — I apologize. That's all you're asking. That's what you're asking for is just to send it back for the correcting what you see as these, I guess, three errors. That's correct, Your Honor, to vacate the condition and for the district court to reevaluate how to impose a less vague or a non-vague condition of third-party notification. What would that look like? So, for example, just taking the language here, what can the court do? You've got a problem maybe with the word authorized generally without any limitation. You've got a problem, I take it, with the vagueness of past criminal conduct. What else? The other condition, Your Honor, or the other part of the condition that I think is problematic is the fact that probation has no — not authority. They don't have the need to consult with our client. And so whereas the standard condition requires — or permits probation to have a client inform a person or organization to whom they pose a risk — Well, that — I don't know that that deals with the delegation problem. Because what you just described, the first two things, relate to non-delegation. Maybe you got this there, maybe not. But what this third thing that you're describing about requiring the probation office to confer with your client before contacting any prospective employer, that is not a delegation issue, is it? No, well, I suppose the delegation is giving them the power to go to third parties. But I suppose to the court's point, it's not a delegation of what to inform them. And so it is — in my mind, I can see it as both. It's a delegation of authority to tell third parties and to decide not only to tell the third parties, but to whom these — to whom this — to decide who these third parties are. It's not going to be — how is it going to work? I mean, if a district judge has to decide who the third parties are that would be contacted, then that judge is going to have to know not only who the person — the defendant works for now, but who they're going to work for when they come out of jail, and who they're going to be dating because she, you know, she defrauded her future mother-in-law. I mean, you're asking the judge to define the universe of people that this defendant is likely to come into contact with in the future. Probation can do that. How can a judge do that? And, Your Honor, at the original hearing, I objected, and I did ask for clarification — or for a limiting instruction for employers and future employers. I don't disagree that probation is in a good position to evaluate what's going on, as opposed to the district court, who has many more responsibilities and obligations. However, the problem is if probation has sole discretion to determine who the third-party risk is going to be, well, without any safeguards in place for Ms. Stewart to object or to tell that person themselves of her criminal history, well, probation could limit our client's liberty interests. It could affect not only her employment opportunities, but it could affect who she associates with, who she communicates with. No, it is — it's large. I mean, it could affect her ability to find an apartment to rent or to buy a car on credit. But the other side of it is it's very difficult to think that the district judge is going to be able to know the universe of people that she is likely to come in contact with in the future and over time and know which ones might be susceptible to her fraudulent tendencies. And I don't disagree with that as far as the district court's position not being close enough to Ms. Stewart to know who she's interacting with on a day-to-day basis. I would suggest that there needs to — You want notice to your client so that your client can raise it with the judge. That's correct, Your Honor. And then we would be able to have an as-challenge — or a as-it-comes-up — as-applied — thank you, Your Honor — as-applied challenge to these third-party notifications. Because there are going to be instances where our client disagrees that that person is a person to whom she poses a risk. Is there a law that says you're entitled to that? Your Honor, I would point the Court to its holding in U.S. v. MATA, because I think the Court said that a district court may not delegate to probation decision-making authority, which would make a defendant's liberty itself contingent on a probation officer's exercise and discretion. I think in not having a safeguard in place, we are leaving it all up to probation to decide not only to whom, but what information to provide. So if the district court had, instead of merely broadly authorizing probation to notify prospective importers of her criminal history and past criminal conduct — I understand you've got a problem with that second part — instead of just broadly authorizing it, it had required probation to do that. Would that take care of the MATA delegation problem? If instead of having it be a more permissive, but instead of — I think, again, I think I would still have an issue with having probation have entire — the complete discretion in that sense. I think if we're limiting it — Well, not as a complete discretion. Actually, the district court is then maybe in favor of the government, has then actually significantly circumscribed probation's discretion by saying, you're required to notify the employer that you find out about. I see. So in your example, you're limiting the third-party risk to just employers and potential employers? Sure. I think that would be less vague. I don't disagree with Your Honor. I think that would make it where I believe the government's argument in their brief is that this is not permissive or conditional condition. This is actually required. That example would be much more — broaden it a little bit then. And the — let's say that the district court said you are required — that is, probation office is required to notify employers, potential employers, and that has a list of third parties. That would be — that also would not violate the non-delegation rule of MATA. I think I would still have concerns with as-applied challenges in that instance, and so in order to craft — But that would not be a delegation issue. I'm trying to separate out, because you're making, I think now — You're making two arguments. I think so. One, a delegation argument, and another, a vagueness argument, right? Correct, Your Honor. I'm trying to separate out those two so that I can — we can figure out how to decide this. So on the delegation, that would eliminate the delegation issue, and you say, well, it's still vague because — but it's not vague for probation. It's vague what? Why is it vague? I see Your Honor's point. I think you're correct. If there's a very specific list of the people or the third parties to which probation can notify, that is required by the court. That would solve — based on your explanation or your hypothetical, that would solve the delegation issue, but it would still be vague. So then, just one more question to follow up on that. If you had a condition that required probation to notify specified people, but presumably unspecified as employers and potential employers, but we could all figure that out, and had the list, and then said any other third party subject to also alerting your client, you'd be fine with that? I still would want — I think so, Your Honor. I would still want a mechanism for our client to be able to challenge that and go to the court if needed if she disagrees with her probation officer, but I believe that that would likely solve the concern that we have as far as the delegation and the vagueness challenge. So then you have many — what do you have, many hearings about this? How is that resolved? Your Honor, I don't know. You don't know? It's a good question. I think the risk of not having a mechanism in place for her to challenge is much more costly for Ms. Stewart, because there's — as written, there is no way for her to be included in the discussions or communication conversations with these third parties, and no way for her to challenge, because if the probation decides to notify a third party, the damage has been done. And so in not having some sort of mechanism to challenge, the cost to her liberty interests is much greater than it needs to be, and therefore this condition would then be greater than necessary. Let's say this is my last question. Let's say that this was — and this is not just to be very clear — involved a sexual predator. Why wouldn't this — I'm just trying to figure out, is this because of the nature of the underlying conviction? Why wouldn't this condition make perfect sense so long as you require it as opposed to authorize it? The condition as proposed by the court. Any third parties. Any third parties that probation identifies as potentially at risk to this predator. And I believe that was exactly the case for Bowles. And so I would — I mean, if Bowles found that to be vague and an improper delegation of authority, I would argue the same here, if not more so, because the risk to a person can be mitigated if we adjust the condition as sort of proposed by the court. Thank you. Thank you very much. Thank you. We'll hear from the government. May it please the Court. David Huang on behalf of the United States of America. Your Honors, the record here demonstrates that Jessica Stewart was a recidivist and opportunistic fraudster who victimized not only employers and those she lived with, but vulnerable individuals in the community across a broad spectrum of categories, including the mentally challenged adult victim under her care that spurred these proceedings. The district court's special condition concerning risk notification satisfied every criteria of 3583D. So accordingly, Bowles does not control under these circumstances. There was no improper delegation. And finally, the condition was not impermissibly vague. So just to pick up on the colloquy that the panel had with my colleague of the bench here, I think that the delegation problem could be solved if Judge Nagala had required probation to notify a set number of categories. But that arguably, I think, shows the tension here within 3582D, right? Because a district court judge during supervised release proceedings has to consider the statutory factors, a subset of 3553A, tailored to the specific circumstances of this particular individual. That's what SIMS is all about. And impose conditions that will here, as she put it, protect the public, which I think there's no dispute about the need for that, as well as in some ways encouraging Ms. Stewart to get compliant and to move on with her life. So that tension is already built in 3582D. And so the reason why Bowles, which I think is the fulcrum of Ms. Stewart's argument, doesn't apply here, is because Bowles and Peterson don't have that contextual record that Judge Nagala, I think, worked very hard to provide here. So another way of looking at it is that they pass by the nuance and create a blunt instrument that says, for example, in Peterson, the district court must determine, rather than leaving to the discretion of the probation officer, whether such notification is required and may not simply leave the issues of employer notification to the probation officer's unfettered discretion. Correct. Blunt. No nuance. And that's what I think we're stuck with in both Peterson and Bowles. But tell me why I'm wrong. I think it all depends on the record and the facts. So I think the way that we read Bowles and Peterson is that those judges kind of almost without engaging in a fact-specific analysis just said, impose this condition. They didn't do the thinking, at least on the record, about why this condition was necessary and appropriate as required under 3582D and this Court's authorities. But here, Judge Nagala did that. So in other words, the same exact wording of the condition, if imported into a different case, may be appropriate. It may not be appropriate. How is this not simply – when we use the word authorized in the condition, how is that not simply the equivalent of leaving the issues of employer notification to the probation officer's unfettered discretion? With some bells and whistles, but when you say employers and potential employers and then when I hear third parties, I might as well hear the rest of the world. So where is the limitation? So here I think you have to consider the record of the entire case. And I think the record is very clear. What lets us consider the record of the entire case when we're looking at the language of condition? So ten years from now, I don't know what – what was her sentence? Ten months. Ten months. Okay, ten months from now or actually after when she's on supervised release. She actually is right now. So when she is on – she's on supervised release for however many years. Right. And no one's looking at the record. They're looking at the condition. Well, I think, first of all, probation obviously was an integral part of these proceedings. They wrote the petition. They consulted with the judge. They were at all of these proceedings. And so while, you know, that particular probation officer may or may not be part of it, that office obviously works with the district court judges to impose that. And at least in my experience at the U.S. Attorney's Office, the probation office in Connecticut does work very closely with the bench. And if anything, they sort of tack on the side of being very conservative in terms of how they implement the judge's sentence.  The problem is that when the Second Circuit writes, it writes for all districts. And so that's the problem. Yes. And I think – Why can't one consider the limitation to be reasonableness, which limits everything? Yes. And I think this Court's decision in Villefon – I mean, you have to notify the whole world. You don't have to send out a blast fax to everybody on X. I mean, you just – Yeah, I think – You have to have the right terminology, right? If I'm understanding Your Honor's question correctly, I think part of what the government indicated in its brief, I believe on page 48 is, you know, I think there's some question whether, unlike this Court's other cases, like, say, whether this really does affect Ms. Stewart's liberty interests. You know, because this condition is not preventing her from doing anything. She can apply to whatever apartment she wants. She can date whoever she wants. She can apply to whatever jobs that she wants. It really – you know, there's a question about whether it really does affect her liberty interests, because, you know, the way that we read this condition is that the Court was authorizing probation to disclose public facts to third parties. You know, there's a query about whether probation – Is there past criminal conduct here? There's – That's beyond – that's outside of the category of her actual criminal history. So at the time of the imposition of the sentence here, Ms. Stewart did have a criminal history, which we recount in their brief, all fraud-related against various people. No, that I'm aware of, yes. Yes, but just to be clear, at the time, though, she had some pending criminal cases. Since then, I think those were resolved by guilty plea, so those are now convictions. I'm not aware that she has any sort of other – So we're really talking about criminal history right now? That's my understanding, yes, Your Honor. Right, so it's not as if there was some uncharged conduct that we weren't – that the Court was not aware of. And it wasn't discussed at the sentencing. I should note, though, that defense did not object to the language of criminal history or past criminal conduct. They had concerns about personal history. And Judge Nagala limited that without objection from the government. So that was the initial condition. So, I'm sorry, maybe I missed this. Are we on plain error review with respect to this, or – At least as to the – I think the argument you heard today about criminal history and past criminal conduct, there was no objection from defense as to that particular portion. I think the claim is preserved because, obviously, we're here and we're not arguing waiver. But to the extent that they're now saying that, well, past criminal conduct is vague, there was no objection below as to that. So I think as to that particular sub-argument, I think the government believes that that's waived. I see that unless the Court has any other questions, the government is happy to rely on its brief, but I'm happy to – First lawyer to see a yellow light in a long time. I've been taught well, Your Honor. Thank you very much. Thank you, Your Honor. Thank you, Your Honors. Just to kind of highlight one of the concerns that we have in touching on what the government just brought up, Judge Nagala at the district court was very explicit about trusting the probation officers to make the call of when and when not to notify. I think what she said was we trust our probation officers to not make these notifications when they're not necessary. That, to me, is the delegation issue that we're talking about here. So, Mr. Huang, for the government, points out or argues that this doesn't actually affect your liberty interest in the way that we typically think of a liberty interest. What's your response to that? I mean, I think the right to live where Ms. Stewart would like to live, I think that could absolutely affect that liberty interest when they're allowed to talk not only to landlords, but also based on the way that this is written, I can envision them talking to neighbors, people who live in the community to which that she's applying to live in. It seems to me that I've had in my head a picture of a probation officer going and telling a possible landlord about the character, the history of the client. I have a probation officer coming and telling me that I'm writing to this person. It makes a big difference for my learning and my reading the newspapers or going out there, right? I think absolutely, Your Honor. We're talking about a stranger to these people who carries a badge and has authority from the court is going to be taken much differently than if Ms. Stewart was allowed to give that information herself to the people in her life. I'm not saying that that solves anything, but it seems to me that one should sometimes take into account what really happens. I agree, Your Honor. And especially if we're talking about like an apartment complex where the probation officer is on site, multiple people will be able to see that, even people who they're not notifying directly. So I do think it presents a number of concerns that we have as far as her liberty interests are concerned. I made an error because I asked you a question that your government didn't have a chance to respond to. Sorry. Your Honor, to go back to the language of the condition briefly, if the condition had said, I just want to make sure it had said, is required to notify employers and potential employers of your criminal history, you just heard the government say that it's not required to have any past criminal conduct, that would satisfy you? Again, if there was a safeguard in place for Ms. Stewart to challenge. And some challenge. Yes, Your Honor. And just to be clear, there was conduct that was talked about at the revocation hearing. There was talk of her inflating her wages, things like that, that was not charged. And so that is a concern of ours as well, that there's information that she's either not been charged with or not been proven beyond a reasonable doubt that her probation officer would be allowed to disclose to third parties. Part of the discussion when this condition was imposed was whether they can disclose character, essentially talk about who she is as a person. And the court and the government agreed that that would be an overstatement. I shouldn't use that word. I think I argued that would be overly broad. The government agreed, the court agreed that character or some sort of disclosure of who she is would be inappropriate. On her personal characteristics, no. I mean, it's very carefully, I mean, Judge Nugala tried to carefully circumscribe this, and I think that that's the government's point. But I think we see your point. One more thing. So the government says that you did not object to the condition insofar as it relates to past criminal conduct. Is that correct? Your Honor, I would argue that I did object. I don't believe I said those words that I object to the criminal conduct. I objected to the condition as being overly vague, both in the imposition and at the very end of the sentencing. And the judge did say I preserved that issue. So to the extent that I made that exact wording, I think the government's correct. I don't think I highlighted that. Thank you very much.